## Hake v. J. C. Penney Casualty Insurance Company

*Sidney I. Leabman*, for plaintiff.
*Robert C. Steiger*, for defendant.

GREENBERG, *J.*, March 31, 1978—This matter is before us on defendant's motion to compel answers to interrogatories. It is one of an increasing number of such motions which seek to obtain information, by way of interrogatories, that has already been provided by plaintiff's completion of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., application for benefits and the submission of medical reports and employment verification.

The boilerplate interrogatories which are pro-

pounded in a tort action which either predates the No-fault Act or seeks damages which exceed the threshold limitation are not at all appropriate in this type of action. Thus, form interrogatories seeking information, inter alia, concerning plaintiff's age, the cause of the automobile accident, the names of witnesses, names of physicians rendering their services, miscellaneous expenses incurred as a result of the accident, prior accidents, etc. are irrelevant and improper and objections filed to same will be sustained as we do in the instant case.

### ORDER

And now, March 31, 1978, defendant's motion to compel answers to interrogatories is denied and plaintiff's objections to said interrogatories are sustained in accordance with our memorandum opinion, and said interrogatories need not be answered.